UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIMON O. GREEN,

    Plaintiff,

vs.                                                                   CASE NO. 8:11-cv-532-T-17TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's complaint (Doc. #1). Plaintiff seeks review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income ("SSI") disability payments. This Court has authority to conduct the requested review. 42 U.S.C. § 405(g).

Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #17). Defendant filed a brief in support of the decision denying disability benefits (Doc. #18). The Commissioner has filed the transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). The parties did not consent to the exercise of jurisdiction by a magistrate judge, but the case has been referred to the undersigned for a report and recommendation.

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

The Court has reviewed the record and has given it due consideration in its entirety, including the arguments presented by the parties in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the Court found that the issues raised by Plaintiff were fully briefed and concluded that oral argument would not benefit the Court in making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the undersigned recommends that the Commissioner's decision be **AFFIRMED**.

## I. Procedural History

Plaintiff filed an application for supplemental security income in which he alleged an onset date of June 1, 2007, at age 47 (Tr. 117-23). Plaintiff's application was denied initially and upon reconsideration (Tr. 62-64, 68-69). Plaintiff requested an administrative hearing, which was held on September 9, 2009 in Tampa, Florida (Tr. 11-39). Administrative Law Judge ("ALJ") Michael S. Maram issued a decision denying Plaintiff's application on October 21, 2009 (Tr. 45-57). Plaintiff filed a request for review, which the Appeals Council denied on February 11, 2011 (Tr. 1-5). Plaintiff filed the instant action in federal court on March 14, 2011 (Doc. #1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining

2

whether a plaintiff is disabled and therefore entitled to benefits.[2] *See* 20 C.F.R. § 416.920[3]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

At step one of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2007, the beginning of the time period under consideration (Tr. 50). At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, headaches, and chronic low back pain secondary to lumbar spine degenerative disc disease (DDD) with stenosis" (Tr. 50). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 50-51). At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") "to perform a restricted range of light work, with limitations for occasionally lifting and/or carrying 20 pounds; frequently lifting and/or carrying 10 pounds; standing and/or walking for at least two hours in an eight-hour workday and sitting for about six hours in an eight-hour workday, with the option to alternate sitting and standing at will to relieve pain or discomfort; occasionally balancing,

---

[2] First, if a claimant is engaging in substantial gainful activity, he is not disabled. 20 C.F.R. § 416.920(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limits his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 416.920(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 416.920(d). Fourth, if a claimant's impairments do not prevent him from performing his past relevant work, he is not disabled. 20 C.F.R. § 416.920(f). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 416.920(g). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[3] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

kneeling, crouching, and crawling; only infrequently bending; no climbing, stooping, or working at heights or in proximity to dangerous moving machinery or industrial hazards; avoiding concentrated exposure to extreme temperatures of cold and heat, wetness, and humidity; and a moderate concentration deficit that would preclude complex and detailed job tasks, but permit simple, routine, repetitive tasks embraced by the unskilled and lowest-end semiskilled occupational base" (Tr. 51). Considering this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work (Tr. 55). At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including toll collector, small products assembler, and produce inspector (Tr. 55-56). Therefore, the ALJ found that Plaintiff was not under a disability since June 1, 2007, the alleged onset date (Tr. 56).

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the

relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

## IV. Analysis

Plaintiff presents two issues in his appeal. Plaintiff contends that (1) the ALJ improperly assessed Plaintiff's credibility and (2) the case should be remanded for consideration of new evidence. The Court will address each argument in turn.

### A. The ALJ's Assessment of Plaintiff's Credibility

Plaintiff first challenges the ALJ's finding that Plaintiff's statements regarding his symptoms "are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment" (Tr. 52). In performing the credibility assessment, the ALJ first determines whether the claimant suffers from an underlying medical impairment that could reasonably be expected to cause the alleged symptoms. 20 C.F.R. § 416.929(b). If so, the ALJ considers the objective medical evidence and other evidence of symptoms, including (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication taken to alleviate the symptoms; (5) treatment to relieve the symptoms, other than medication; (6) any measures the claimant has used to relieve the symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions relating to the symptoms. 20 C.F.R. § 416.929(c)(3).

The ALJ must evaluate the claimant's statements about the intensity, persistence, and limiting effects of his symptoms in light of the objective medical evidence and any other evidence. 20 C.F.R. § 416.929(c)(4). The ALJ must consider whether there are any inconsistencies within the claimant's statements or conflicts between the claimant's

6

statements and the evidence. *Id*. When the claimant's statements are internally consistent and consistent with the evidence, there is a strong indication that the claimant is credible. Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *5-*6. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id*. at *4.

Plaintiff argues that the ALJ improperly based the credibility assessment on Plaintiff's daily activities. The ALJ explained that Plaintiff had reported daily activities of "cooking, doing dishes, cleaning, doing laundry, taking his medications, sitting around the house until 1:00 p.m. and then going to the park, and visiting with his friends at the lake for two-to-three hours per day" (Tr. 54). The ALJ determined that those activities were "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations" (Tr. 54). Plaintiff contends that his ability to perform those activities does not establish that he is able to work.

As the Commissioner points out, the ALJ did not limit the consideration of Plaintiff's credibility to his daily activities. The ALJ's decision indicates a detailed examination of the entire record, including Plaintiff's testimony and all of the medical evidence. In addition to Plaintiff's daily activities, the ALJ provided at least four other grounds for the credibility finding. First, the ALJ determined that Plaintiff's medical treatment "has been essentially routine and/or conservative in nature and has been generally successful in controlling [Plaintiff's] symptoms" (Tr. 54). "A doctor's conservative medical treatment for a particular condition tends to negate a claim of disability." *Sheldon v. Astrue*, 268 Fed. Appx. 871,

7

872 (11th Cir. 2008).⁴  Second, the ALJ noted the absence of medical evidence supporting Plaintiff's claimed limitations: "Given [Plaintiff's] allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on [Plaintiff] by the treating doctors.  Yet, a review of the record in this case reveals no restrictions recommended by any of [Plaintiff's] treating doctors" (Tr. 54).  Third, the ALJ cited Plaintiff's failure to pursue recommended treatment, "which suggests that the symptoms may not have been as serious as has been alleged" (Tr. 54).  "A claimant's failure to seek medical treatment is also relevant in assessing credibility."  *Sheldon*, 268 Fed. Appx. at 872.  Fourth, the ALJ noted Plaintiff's testimony that he first received medication for his headaches only one week before the ALJ hearing, experienced no medication side effects other than sleepiness, and was using a cane even though a doctor had not prescribed it (Tr. 22-23, 35, 54).  When the ALJ gives at least three reasons for discrediting a plaintiff's subjective complaints of pain, a court may find that the ALJ properly discredited the subjective pain testimony.  *See Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989).  In Plaintiff's case, the ALJ supplied at least five reasons.

The medical evidence supports the ALJ's credibility finding.  On June 13, 2007, Plaintiff visited the emergency room complaining of a headache and numbness on his right side and was treated with medications and ice (Tr. 234-43).  Examinations conducted on June 27 and August 20, 2007 resulted in similar treatment (Tr. 251-53).  On August 27, 2007, magnetic resonance imaging (MRI) of Plaintiff's lumbar spine revealed moderate-

---

⁴ Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

sized disc herniation and moderate secondary spinal stenosis (Tr. 244). On October 9, 2007, Dr. H. Bushnell Clarke conducted a neurosurgical consultation with Plaintiff and recommended "conservative treatment with physical therapy and possible epidural steroid injections" (Tr. 264-65). Dr. Clarke also noted that Plaintiff was not taking any medications (Tr. 264). On January 9, 2008, Plaintiff completed physical therapy and was discharged, having met all goals (Tr. 268). The therapist explained that Plaintiff "reports decreased symptoms and demonstrates improved strength and [active range of motion]. He is independent with his [home exercise program]" (Tr. 268).

On February 1, 2008, Dr. Clinton B. Davis conducted an orthopaedic consultation with Plaintiff and diagnosed him with "[l]umbar degenerative disc disease with spinal stenosis" (Tr. 304). Dr. Davis prescribed Vicodin and referred Plaintiff for epidural steroid injections (Tr. 304). However, in a progress note dated March 14, 2008, Dr. Davis reported that Plaintiff "did not set himself up for epidural steroid injections as he felt he did not want to go through this. He has been taking his Norco [medication] which does help some. . . . He feels he is not worse" (Tr. 300). Dr. Davis continued to recommend epidural steroid injections, medication, physical therapy, and a weight loss program (Tr. 300). On April 9, 2008, Dr. Davis reported that Plaintiff had still failed to pursue epidural steroid injections and had not signed up for a weight loss program (Tr. 299). Dr. Davis reiterated his previous treatment recommendations (Tr. 299).

The record contains three physical RFC assessments conducted by Dr. George D. Brown on September 20, 2007 (Tr. 255-62), Dr. Kevin Kinney on February 15, 2008 (Tr. 290-97), and Dr. Marshall Kessler on May 27, 2008 (Tr. 305-12). These physical RFC assessments support the conclusion that Plaintiff could work despite his exertional,

9

postural, and environmental limitations. Notably, Dr. Brown concluded that "the severity and duration of [Plaintiff's claimed] symptoms [are] disproportionate to the expected severity and duration of symptoms for this [medically determinable impairment]. We find [Plaintiff's] alleged limitations are partially credible" (Tr. 260). Dr. Kessler stated that Plaintiff "should be capable of functioning within the confines of this RFC" (Tr. 310). The ALJ found these physical RFC assessments "generally persuasive" and made only "a few adjustments" to them in light of the entire record (Tr. 54).

The Court determines that the ALJ properly considered the objective medical evidence and the inconsistencies between that evidence and Plaintiff's testimony. The ALJ cited at least five reasons for the credibility finding, and those reasons are supported by substantial evidence. Plaintiff's credibility was compromised by his ability to perform many daily activities; his conservative medical treatment; the absence of medical evidence supporting his claimed limitations; his failure to pursue recommended treatment, such as epidural steroid injections; and his testimony regarding only recently-obtained medication for headaches, limited side effects, and use of a non-prescribed cane.

**B. Plaintiff's New Evidence**

Next, Plaintiff argues that the case should be remanded for consideration of new evidence, namely, medical records from Dr. Amitabh Gupta. The ALJ did not consider this evidence, but Plaintiff submitted it to the Appeals Council, which included it in the administrative record. Nevertheless, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence

renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

Dr. Gupta performed a trigger point injection on Plaintiff on April 25, 2008 (Tr. 321). Dr. Gupta discussed epidural injections and indicated that Plaintiff "will think about those" (Tr. 321). On May 2, 2008, Dr. Gupta noted that the trigger point injection "helped [Plaintiff] temporarily," but Plaintiff "would like to avoid" epidural injections (Tr. 318). As a result of Plaintiff's stance on epidural injections, Dr. Gupta recommended that Plaintiff consider surgical intervention (Tr. 318). On July 11, 2008, Dr. Gupta explained that Plaintiff "does not wish to have" either epidural injections or surgery (Tr. 317). Dr. Gupta performed another trigger point injection and indicated that Plaintiff was using a lumbar corset but declined further physical therapy (Tr. 317). On September 5, 2008, Dr. Gupta noted that the previous trigger point injection "did help some" (Tr. 316). Dr. Gupta again suggested epidural injections, which Plaintiff declined, and surgery (Tr. 316). Dr. Gupta ordered physical therapy and prescribed Vicodin (Tr. 316). On October 10, 2008, Dr. Gupta performed another trigger point injection (Tr. 315).

Plaintiff argues that Dr. Gupta's records undercut the ALJ's finding that Plaintiff failed to pursue recommended treatment. Plaintiff acknowledges that he refused epidural injections, but he maintains that Dr. Gupta's trigger point injections were adequate substitutes. However, Dr. Gupta's records indicate that the two types of injections are not equivalent. Dr. Gupta repeatedly recommended epidural injections, but Plaintiff declined them. Therefore, Dr. Gupta's records do not undercut the ALJ's finding.

Plaintiff also contends that Dr. Gupta's records do not support the ALJ's finding that Plaintiff's treatment was "generally successful" (Tr. 54). Plaintiff cites Dr. Gupta's notes

11

that the trigger point injections provided only temporary or partial relief (Tr. 316, 318). Plaintiff fails to cite any law indicating that "generally successful" treatment must provide permanent relief. According to Dr. Gupta, Plaintiff's condition improved following the trigger point injections. Therefore, the injections had a measure of success.

The Court concludes that Dr. Gupta's records are consistent with the other medical evidence and do not render the denial of benefits erroneous. Dr. Gupta reported that Plaintiff repeatedly refused to pursue the recommended epidural injections, just as Dr. Davis had reported (Tr. 299-300). Dr. Gupta's treatment was similar to the conservative treatment that Plaintiff previously received, and it achieved some success for Plaintiff. Therefore, the case need not be remanded for further consideration of Dr. Gupta's records.

### V. Conclusion

Upon due consideration, the undersigned finds that the decision of the Commissioner was made according to the proper legal standards and supported by substantial evidence. Thus, the undersigned respectfully **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The undersigned further recommends that each party bear its own fees and costs, and the Clerk of the Court be directed to enter judgment consistent with this Report and Recommendation.

**DONE AND ORDERED** at Jacksonville, Florida this  29th  day of May, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. Elizabeth A. Kovachevich
All counsel of record